IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| JENIQUA IRENE KNUCKLES, | * | |
| Plaintiff, | * | |
| v. | * | CV 116-013 |
| DEPARTMENT OF THE ARMY, | * | |
| Defendant. | * | |

**O R D E R**

This suit arises out of the termination of Plaintiff's employment as a civilian employee at Fort Gordon. Plaintiff alleges that she was denied her right to arbitrate the propriety of her removal. She now asks the Court to compel arbitration. But because Plaintiff has failed to plead a basis for jurisdiction in this Court, and because she has failed to plead that she is entitled to compel arbitration, her claim fails. Accordingly, the Court **GRANTS** Defendant's amended motion to dismiss (doc. 14).

I. **Background**

Plaintiff previously served as a civilian employee at Fort Gordon. While employed at Fort Gordon, Plaintiff was a member

of American Federation of Government Employees, Local 2017 ("AFGE"), a union. (Doc. 1 at 5.) During that time, AFGE and Defendant were parties to a collective-bargaining agreement. (See Doc. 14-2.) This agreement provided, among other things, procedures for employees and AFGE to resolve workplace grievances with Defendant. (Id. at 47-53.) Notably, the agreement allowed Defendant and AFGE to request arbitration under the agreement if they were dissatisfied with the outcome of other resolution procedures. But arbitration could be "invoked only by the [Defendant] or [AFGE]." (Id. at 52.)

Plaintiff was eventually removed from service, which she claims was improper. And AFGE agreed to take her dispute to arbitration once it received certain documents from Defendant. (Doc. 1 at 5.) The arbitration, however, was continually postponed because, according to Plaintiff, Defendant "improperly withheld the documents for 480 days." (Id.) And during this delay, AFGE reorganized. (Id.) New officers now control AFGE, and Plaintiff is no longer a member of the union. (Id. at 6.) According to the complaint, "the new board members will invoke arbitration on [Plaintiff's] behalf but will not cover the costs . . . ." (Id.)

Plaintiff filed this lawsuit in February 2016. She asks the Court to compel arbitration and to require Defendant to cover the cost of the arbitration. Defendant moves to dismiss

Plaintiff's complaint because Plaintiff has failed to plead subject-matter jurisdiction and because Plaintiff has no right under the collective-bargaining agreement to compel arbitration.

## II. Legal Standards

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The Court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). The Court, however, need not accept legal conclusions as true, only well-pleaded facts. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

A complaint also must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

A motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is "decided without reference

3

to the merits of the underlying claim and lie within the exclusive province of the trial court." Morrison v. Amway Corp., 323 F.3d 920, 924-25 (11th Cir. 2003). A Rule 12(b)(1) motion may be either a "facial attack" or a "factual attack." McElmurry v. Consol. Gov't of Augusta-Richmond Cty., 501 F.3d 1244, 1251 (11th Cir. 2007). A facial attack requires the Court to "look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction" in her complaint. Id. (alteration in original) (citation omitted). A factual attack, on the other hand, challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings . . . ." Id. (citation omitted) (internal quotation marks omitted).

### III. Discussion

Defendant moves to dismiss Plaintiff's complaint because (1) she has failed to plead jurisdiction and (2) she has failed to state a claim. The Court addresses these arguments separately below.

**A. Plaintiff has failed to plead jurisdiction.**

Defendant argues that Plaintiff has failed to establish jurisdiction in this Court because she has not shown that Defendant has waived sovereign immunity. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). Thus, as a federal agency, Defendant is immune from suit unless

4

it has waived sovereign immunity. Sovereign immunity is jurisdictional, id., and it is a plaintiff's burden to show that the government has waived its immunity, see Thompson v. McHugh, 388 F. App'x 870, 872 (11th Cir. 2010).

Here, Plaintiff relies only on the Federal Arbitration Act, 9 U.S.C. § 1 et seq., to support jurisdiction. But the FAA "does not provide an independent basis for a federal court's subject-matter jurisdiction." Household Bank v. JFS Grp., 320 F.3d 1249, 1253 (11th Cir. 2003). Thus, to proceed under the FAA, a plaintiff must establish jurisdiction based on the underlying controversy. See Cmty. State Bank v. Strong, 651 F.3d 1241, 1254-57 (11th Cir. 2011). Accordingly, Plaintiff's reliance on the FAA is misplaced, and she has failed to establish jurisdiction and thus that Defendant has waived immunity to this suit.

## B. Plaintiff has failed to state a claim for relief.

Alternatively, Defendant argues that Plaintiff has failed to state a claim for relief because she has no right to compel arbitration under the collective-bargaining agreement.[1] As

---

[1] Addressing this argument requires the Court to consider a document outside the complaint because Plaintiff did not attach the collective-bargaining agreement to her complaint. A court may consider materials outside of a complaint without converting a motion to dismiss into a motion for summary judgment when the document is "(1) central to the plaintiff's claim and (2) undisputed." Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005). In this sense, "undisputed" means that the plaintiff does not challenge the authenticity of the document. Id. Here, Plaintiff does not dispute the authenticity of the collective-bargaining agreement, and it is central to her claim. Indeed, she bases her alleged right to arbitration on

5

mentioned, the collective-bargaining agreement between AFGE and Defendant established procedures for the resolution of employee grievances, including arbitration. (See Doc. 14-2 at 47-53.) Arbitration, however, could be "invoked only by [Defendant] or [AFGE]." (Id. at 52.)

Because only Defendant and AFGE had the right to initiate arbitration under the agreement, Plaintiff has failed to plausibly allege that she is entitled to compel arbitration. In fact, Plaintiff concedes that she has no right to arbitration: in her complaint, she specifically states that she "would like for the Agency to invoke Arbitration and cover the cost of arbitration per the agreement <u>that only the agency or the union can invoke arbitration</u>." (Doc. 1 at 6.) That is, Plaintiff wants the Court to require Defendant to invoke arbitration under the agreement because she recognizes that she does not have the right to request arbitration. But the Court is unpersuaded that Plaintiff is entitled to such relief. See <u>Black-Clawson Co. v. International Association of Machinists</u>, 313 F.2d 179, 183-84 (2d Cir. 1962) (concluding that an aggrieved employee had no right to compel arbitration because "the collective bargaining agreement . . . [gave] the employee . . . no right to compel . . . arbitration . . . .").

---

the agreement. Thus, the Court is satisfied that it may consider this document without converting Defendant's motion to dismiss into a motion for summary judgment.

In sum, because Plaintiff has failed to plead subject-matter jurisdiction, and because she has not pleaded that she has a right to compel arbitration, her claim fails and the Court **GRANTS** Defendant's motion to dismiss.

### IV. Conclusion

The Court **GRANTS** Defendant's amended motion to dismiss (doc. 14). Thus, the Clerk is instructed to **TERMINATE** all motions and deadlines, **ENTER THE APPROPRIATE JUDGMENT**, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia this 7th day of March, 2017.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA